UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KATHRYNE IRENE C.,[1]

                               Plaintiff,                5:24-cv-568 (BKS/CFH)

v.

COMMISSIONER OF SOCIAL SECURITY,

                               Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Office of the United States Attorney
Geoffrey M. Peters
Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       On April 4, 2024, Plaintiff Kathryne Irene C. filed this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Commissioner of Social Security's denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits. (Dkt. No. 1). On December 5, 2024, the Court So-Ordered the parties' stipulation "that

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

the Commissioner's final decision be reversed" and that the "action be remanded to the Commissioner of Social Security for further administrative proceedings." (Dkt. No. 16; *see also* Dkt. No. 17). As the prevailing party, Plaintiff moves under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for a "counsel fee" award, consisting of attorney's fees and paralegal fees. (Dkt. Nos. 18, 18-1). The Commissioner opposes Plaintiff's motion on the grounds that: (1) the hours spent conducting a *de novo* review of the record were "excessive," and (2) some of the time billed was spent on non-reimbursable clerical tasks. (Dkt. No. 20). Plaintiff replied. (Dkt. No. 23). For the following reasons, Plaintiff's motion is granted in part and denied in part.

## II.  DISCUSSION

### A.  The EAJA

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The Commissioner bears the burden of showing that his position was 'substantially justified,' which the Supreme Court has construed to mean 'justified to a degree that could satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). This requires the Commissioner to "demonstrate that his position had a reasonable basis both in law and fact." *Id.* at 82 (internal quotation marks omitted). "When assessing the 'position of the United States,'" the court must "review both 'the position taken by the United States in the civil action, [and] the action or failure to act by the agency upon which the civil action is based.'" *Id.* at 82 (quoting 28 U.S.C. § 2412(d)(2)(D)). The Commissioner concedes that Plaintiff was the prevailing party, (Dkt. No. 20, at 2 n.1), and does not argue that

2

the Commissioner's position was substantially justified, (*see generally id.*). Accordingly, the Court turns to the reasonableness of Plaintiff's fee request.

### B.     Reasonableness of Fee Request

"Once a court has made these threshold determinations and found that an EAJA fee award is owed, a district court has broad discretion to determine the reasonable amount to be awarded." *Forrest v. Colvin*, No. 15-cv-1573, 2016 WL 6892784, at *2, 2016 U.S. Dist. LEXIS 161800, at *4 (S.D.N.Y. Nov. 21, 2016). In the Second Circuit, "[a]ttorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011).

#### 1.     Reasonable Hourly Rate

EAJA fees are subject to "a statutory cap of $125 per hour, 'unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting 28 U.S.C. § 2412(d)(2)(A)). The Second Circuit has held that the cost of living increase over the EAJA statutory base rate of $125 per hour allowed by 28 U.S.C. § 2412(d)(2)(A) is properly measured by the Consumer Price Index ("CPI"). *Harris v. Sullivan*, 968 F.2d 263, 264–66 (2d Cir. 1992). "The court must apply a different cost of living adjustment for each year in which hours were billed, rather than applying a single adjustment to the total hours billed." *Caplash v. Nielsen*, 294 F. Supp. 3d 123, 136 (W.D.N.Y. 2018) (quoting *Sergenton v. Astrue*, 714 F. Supp. 2d 412, 418 (E.D.N.Y. 2010)). "The equation to determine the hourly rate is: $125 (statutory limit) multiplied by the average CPI[] for targeted year; the total is divided by the [original] CPI[ rate] from March 1996." *Butts v. Astrue*, 565 F. Supp. 2d 403, 406 n.3 (N.D.N.Y. 2008).

The hourly rate Plaintiff requests, $249.08, appears to be based on the above-described calculation. (*See* Dkt. No. 18-3, at 2–3). Specifically, Plaintiff seeks:

| 2024 Rate[2] | $249.08 | 2024 Attorney Hours | 61.2 | $15,243.70 |
|---|---|---|---|---|
| Paralegal Rate | $100.00 | Paralegal Hours | 8.6 | $860 |
| **Total EAJA Fees and Costs** | | | | $16,103.70 |

(Dkt. No. 18-1, at 2).[3] In support of her request, Plaintiff has attached an affirmation by Howard D. Olinsky, (Dkt. No. 18-1, at 1–3), contemporaneous time records, (Dkt. No. 18-4, at 2–4; Dkt. No. 18-5, at 2–3; Dkt. No. 18-6, at 2), and the CPI for the Northeast as reported by the Bureau of Labor Statistics, (Dkt. No. 18-3, at 3). These calculations and annual increases track those recently approved by this Court, *see Lisa S. v. O'Malley*, No. 22-cv-1312, 2024 WL 4710705, at *2, 2024 U.S. Dist. LEXIS 203380, at *3–4 (N.D.N.Y. Nov. 7, 2024) (reviewing the plaintiff's calculation of hourly rates for 2022 and 2023, which utilized CPI for 1996 and CPI for 2022 and 2023, and approving hourly rates of $232.89 (2022) and $240.93 (2023) for attorneys and $100.00 for paralegals as reasonable), and "[t]he Commissioner does not challenge the hourly rate Plaintiff has calculated for attorney and paralegal fees," (Dkt. No. 20, at 2 n.1). The Court therefore finds the requested hourly rates to be reasonable.

   2.   **Reasonable Number of Hours**

"In the Northern District of New York, as well as in other districts within the Second Circuit, the average time approved by courts for routine social security disability cases ranges

---

[2] The Court notes that some of the work performed by Plaintiff's counsel was performed in 2025, not 2024. (*See* Dkt. No. 18-4, at 4). As the Commissioner consents to the requested rates, *see infra*, the Court does not address this issue further.

[3] This does not include Plaintiff's request for attorney's fees for her reply submission, which is discussed *infra* Section II.B.2.c.

4

from twenty to forty hours." *Parsons v. Comm'r of Soc. Sec.*, No. 07-CV-1053, 2008 WL 5191725, at *1, 2008 U.S. Dist. LEXIS 99739, at *3 (N.D.N.Y. Dec. 10, 2008). Plaintiff seeks reimbursement for 69.8 hours of attorney and paralegal time. The Commissioner objects to this time as excessive. (Dkt. No. 20).

"It is not unprecedented to award more than forty hours of fees under the EAJA," but the Court must find the fee justified by the nature of the case. *McKevitt v. Colvin*, No. 11-cv-970, 2014 WL 1764339, at *2, 2014 U.S. Dist. LEXIS 60445, at *4 (N.D.N.Y. May 1, 2014) (internal quotation marks omitted); *see also Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 674 (S.D.N.Y. 2010) ("Although many district courts in the Second Circuit find that twenty to forty hours is a reasonable amount of time to spend on routine Social Security cases, fees have regularly been awarded far in excess of this amount."). For example, additional hours may be justified where the case "was not routine," had a "lengthy procedural history," *Salvo*, 751 F. Supp. 2d at 674, or "counsel was brought in at the district court litigation stage, whereupon there were numerous documents and transcripts to be reviewed" including "an extremely voluminous administrative record, totaling nearly 700 pages," *Borus v. Astrue*, No. 9-cv-4723, 2012 WL 4479006, at *3, 2012 U.S. Dist. LEXIS 143570, at *10 (S.D.N.Y. Sept. 28, 2012).

### a. Review of Administrative Record

The Commissioner objects to the 41.9 hours Attorneys Lori Tilley-Beeler and Howard Olinsky spent between April and September 2024 reviewing the administrative record. (Dkt. No. 20, at 3). The Commissioner identifies the following records as excessive:

| Date | Subject | Hours | Timekeeper (Attorney) |
| --- | --- | --- | --- |
| 04/22/2024 | Review decision and evidence to determine whether to appeal case | 1 | Lori Tilley-Beeler, Esq. |
| 08/05/2024 | Preliminary review of transcript, assign attorney writer | 0.5 | Howard Olinsky, Esq. |

5

| 09/03/2024 | Begin review of certified administrative record, take notes, organize facts | 8.1 | Lori Tilley-Beeler, Esq. |
| --- | --- | --- | --- |
| 09/04/2024 | Continue review of CAR, take notes, organize facts | 8.3 | Lori Tilley-Beeler, Esq. |
| 09/05/2024 | Continue review of CAR, take notes, organize facts | 8 | Lori Tilley-Beeler, Esq. |
| 09/06/2024 | Continue review of CAR, take notes, organize facts | 8.1 | Lori Tilley-Beeler, Esq. |
| 09/09/2024 | Finish review of CAR, take notes and organize facts | 7.9 | Lori Tilley-Beeler, Esq. |

(*Id.* (citing Dkt. No. 18-4, at 2–3)).

Here, the record was 3,932 pages. (*See* Dkt. No. 8). Courts have found similarly voluminous records to justify spending well over 40 hours on a case. *See, e.g.*, *Rivalis v. Kijakazi*, No. 22-cv-02359, 2023 WL 4073796, at *1–2, 2023 U.S. Dist. LEXIS 106604, at *3–4 (S.D.N.Y. June 20, 2023) (finding the plaintiff justified in seeking fees for 57.3 hours "due to the lengthy 2,778-page record"); *Mack v. Kijakazi*, No. 20-cv-2722, 2023 WL 2919125, at *2, 2023 U.S. Dist. LEXIS 64527, at *4 (S.D.N.Y. Apr. 12, 2023) (finding the plaintiff's fee request for 60.6 hours of work reasonable where the length of the administrative record was 2,733 pages); *Servedio v. Comm'r of Soc. Sec.*, No. 19-cv-9903, 2022 WL 3084335, at *1, 2022 U.S. Dist. LEXIS 138185, at *3 (S.D.N.Y. Aug. 3, 2022) (finding "that the 59.7 hours expended in this case, involving a 2,100 page record, is reasonable").

The Commissioner, while acknowledging the length of the record, argues that the length of time spent to review the record in this case was still excessive because "counsel's office was familiar with Plaintiff's medical history and the procedural history of this case," "[h]is office represented Plaintiff at the two administrative hearings before the Social Security Administration in October 2022 and February 2023," and "while representing Plaintiff in these actions, counsel's office summarized portions of the procedural history and medical record in a letter to

6

the Administrative Law Judge dated October 14, 2022." (Dkt. No. 20, at 3–4). Plaintiff explains that while "counsel's firm represented [Plaintiff] at the hearing level," "representation at the hearing level provides limited benefit when there are different litigation strategies at each level, differences in records to be reviewed at each stage of a case, and long periods of time separating each stage depending on issuance of decisions and number of cases on any judicial docket." (Dkt. No. 23, at 3). Moreover, Plaintiff states that the "partial summary of evidence" the Commissioner refers to "was drafted in October 2022, nearly two full years prior to receipt of the official CAR for this appeal." (*Id.* at 3).

      The Court agrees with Plaintiff. Most of the time entries the Commissioner objects to are for work performed in September 2024. This is about a year and a half after the second administrative hearing and almost two years after the evidence summary was drafted. It is thus reasonable that Plaintiff's counsel had to conduct a *de novo* review of the administrative record for these proceedings. *See Rachel D. v. Comm'r of Soc. Sec.*, No. 23-cv-6150, 2024 WL 3948000, at *2, 2024 U.S. Dist. LEXIS 153844, at *3–4 (W.D.N.Y. Aug. 27, 2024) ("Defendant is correct that plaintiff's counsel's office represented plaintiff in two administrative hearings in 2019 and 2022. While prior involvement in the agency proceedings may result in greater efficiency in the federal court action, the Court does not believe that counsel's previous representation at the agency level years earlier renders the time spent here excessive, particularly given the history of this case.").

      Additionally, the Commissioner argues that "[t]he record also contains duplicative entries, which should have reduced the amount of time counsel's office spent reviewing the record" and that "a good chunk of the record is entirely irrelevant from the case at hand." (Dkt. No. 20, at 4). Plaintiff responds that while "a limited portion of the CAR was relevant to the

7

arguments ultimately raised," and some of the record was duplicative, "diligent attorney review" is still required "to explore all potential issues and avoid unintentional waiver of viable arguments through the review process regardless of whether the record includes duplicates." (Dkt. No. 23, at 3–4).

Defendant points to approximately 200 pages of the administrative record that are duplicative. (*See* Dkt. No. 20, at 4). While the Court recognizes this may not represent the total number of duplicative pages, the Commissioner has not shown the presence of duplicative material was significant enough to make the time spent on reviewing the record unreasonable. Further, even if the record contained duplicative material and portions of the record were ultimately unrelated to the subject of Plaintiff's appeal, Plaintiff was still required to review the record to make those determinations. *See Tillack v. Berryhill*, No. 15-cv-6306, 2017 WL 3976308, at *2, 2017 U.S. Dist. LEXIS 146352, at *4 (W.D.N.Y. Sept. 11, 2017) ("Although the Commissioner points out that the administrative transcript contained duplicate records, the Court agrees with Plaintiff's counsel that he was still required to examine the transcript thoroughly to determine what was relevant and what was duplicative.").

Beyond these reasons, the commissioner also argues the fee should be reduced "by a total of 33.9 hours" because: (1) "this case involved fairly routine issues, namely the ALJ's evaluation of the medical opinion evidence," (2) "counsel is a seasoned Social Security disability litigant" and "[t]his wealth of experience . . . should have translated into savings via an efficient review of the record and drafting of Plaintiff's brief," and (3) "a reduction of 33.9 hours would reduce counsel's total EAJA request . . . within the customary 20-40 hour boundary for routine disability cases such as this one." (Dkt. No. 20, at 5 (citations omitted)). Plaintiff replies that while the Commissioner characterizes the arguments as "routine," "evaluating medical opinion evidence

will require the discussion of facts in the record relevant to point out the ALJ's errors and applying those facts to the underlying law." (Dkt. No. 23, at 5). On Plaintiff's counsel's experience with social security cases, Plaintiff states that "counsel's experience is not indicative of superhuman record review capabilities." (*Id.*).

Here too, the Court does not find the Commissioner's additional reasons supporting a cut to the fee award persuasive. Even if the matter is routine and the counsel experienced, it still will take significant time to read through almost 4,000 pages. *See Santiago v. Comm'r of Soc. Sec.*, No. 19-cv-4001, 2020 WL 7335310, at *4, 2020 U.S. Dist. LEXIS 235000, at *9 (S.D.N.Y. Dec. 14, 2020) ("[C]ounsel's extensive experience would not substantially reduce the time necessary to review the record and synthesize the information contained therein into a comprehensive statement of facts and arguments with citations to the record."). Also, that the requested cut to Plaintiff's counsel's fee award would result in bringing the total compensable hours below 40 is not a justification in itself to cut the fee, particularly when, as previously stated, courts will allow a plaintiff's counsel to bill for more than 40 hours in cases where the administrative record is particularly long.

Finally, in anticipation of Plaintiff's arguments, the Commissioner contends that even if it "is often true" that "it takes a higher-than-normal amount of time to review an administrative record that is 3,940 pages in length," "it does not then stand to reason that it takes more than a full 40-hour workweek to review a record of that length." (Dkt. No. 20, at 6). In particular, the Commissioner asserts that "the Facts section of counsel's brief does not correlate with 41.9 hours of review, as it consists of only 11 pages of facts – 2 of which discussed the procedural history of this case and the ALJ's decision; about 3 of which summarized the medical opinion evidence; and the last 6-7 pages of which summarized small portions of the record." (*Id.* at 6 (citing Dkt.

9

No. 9, at 1–12)). Plaintiff justifies the length of time by referring to typical reading speeds, and explaining that in addition to reading the record, attorneys "take notes, organize notes to expedite the drafting process, and constantly keep in mind the potential arguments to be made for their client." (Dkt. No. 23, at 1–2). Additionally, referring to the specifics of the submitted brief, Plaintiff argues that its "time records show that time was saved in the drafting of the procedural history and fact section as well as the argument section because of the diligence of record review." (*Id.* at 6 (citing Dkt. No. 18-5, at 2)).

The Court does not find it appropriate to judge the reasonableness of the hours spent reviewing the record based on the number of pages it took to ultimately summarize the relevant portions of that record. Such a rule would incentivize plaintiff's counsel to unnecessarily extend these summaries. The Court has considered Plaintiff's arguments related to average reading speeds, and "[w]hile the Court is not convinced that the reasonableness of a fee request can or should be reduced to such a precise level of mathematical precision, suffice it to say that in light of the voluminous record in this case, the Court does not find the time spent to be excessive on its face." *Rachel D.*, 2024 WL 3948000, at *1 n.2, 2024 U.S. Dist. LEXIS 153844, at *3 n.2.

### b. Clerical Work

The Commissioner argues that portions of the time for which Plaintiff seeks to recover were spent on clerical work and therefore are not compensable. (Dkt. No. 20, at 7–8). Plaintiff disputes that the identified time was spent on clerical work. (Dkt. No. 23, at 6–8).

Courts regularly decline to award or reduce attorney or paralegal fees under the EAJA for clerical tasks. *See Kottwitz v. Colvin*, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015) (concluding that "no attorney's fee award is appropriate for clerical tasks"); *Yulfo-Reyes v. Berryhill*, No. 17-cv-2015, 2019 WL 582481, at *3, 2019 U.S. Dist. LEXIS 23273, at *8 (D. Conn. Feb. 13, 2019) (Merriam, M.J.) (finding a "reduction in time . . . for the performance of clerical tasks is

warranted"); *William M. v. Kijakazi*, No. 17-cv-1681, 2022 WL 292406, at *3, 2022 U.S. Dist. LEXIS 17636, at *7 (D. Conn. Feb. 1, 2022) ("[R]eceiving, filing, refiling and forwarding documents are clerical, non-compensable tasks."). "Overall, review of the relevant case law suggests that clerical tasks are those that require little or no performance of substantive legal tasks, while non-clerical tasks are those that involve some aspect of legal work, whether performed by a lawyer or other source." *David L.R. v. Comm'r of Soc. Sec.*, No. 20-cv-988, 2022 WL 703998, at *4 2022 U.S. Dist. LEXIS 42042, at *10 (N.D.N.Y. Mar. 9, 2022) (Peebles, M.J.).

The Commissioner identifies the following entries as clerical:

| Date | Subject | Hours | Timekeeper (Paralegal) |
|---|---|---|---|
| 07/31/2024 | Combine, OCR, and live bookmark Federal Court transcript (3,932 pages) | 3.9 | Nicole Addley |
| 12/09/2024[4] | FDC remand referral back to hearing department | 0.1 | Susan Servatius |

| Date | Subject | Hours | Timekeeper (Attorney) |
|---|---|---|---|
| 05/01/2024 | Review notice of appearance by Jason P. Peck o/b/o Commissioner of SS | 0.1 | Howard Olinsky, Esq. |
| 09/17/2024 | Review notice of appearance by Nahid Sorooshyari o/b/o Commissioner of SS | 0.1 | Howard Olinsky, Esq. |

(Dkt. No. 20, at 7–8 (citing Dkt. No. 18-5, at 2 and Dkt. No. 18-6, at 2)). The Court agrees that preparing the administrative record for attorney review does not involve substantive legal work and is therefore non-recoverable under the EAJA. *See Zabala v. Comm'r of Soc. Sec. Admin.*, No. 23-cv-1596, 2025 WL 948099, at *6, 2025 U.S. Dist. LEXIS 59427, at *16–17 (E.D.N.Y.

---

[4] The Commissioner identifies this time entry as occurring on "01/30/2024," (Dkt. No. 20, at 7), but based on Plaintiff's exhibits this appears to be incorrect, (*see* Dkt. No. 18-4, at 3; Dkt. No. 18-6, at 2).

11

Mar. 29, 2025) (Scanlon, M.J.) (rejecting recovery for time to "[c]ombine, OCR [Optical Character Recognition], and live bookmark Federal Court Transcript (2739 pages)" as "clerical" and explaining that "[t]he work of formatting a document for easier review does not require legal knowledge or skill to complete"). Likewise, it is not clear to the Court that "relay[ing] federal court results to the hearing level representative," "who is not an attorney and not involved in federal court litigation in any way" involves any aspect of legal work. (*See* Dkt. No. 23, at 8).

However, the Court declines to reduce the time Attorney Olinsky spent reviewing Court-issued orders as familiarity with Court orders as the attorney of record is generally expected. Accordingly, the Court reduces the paralegal hours by 4.00 hours but declines to reduce Attorney Olinsky's time entries.

### c.    Reply Preparation

In her reply, Plaintiff requests an additional 4.1 hours in attorney time at the rate of $249.08 per hour for time preparing her reply submissions. (Dkt. No. 23, at 8–9). The Commissioner, in anticipation of Plaintiff's "likely" request for additional hours preparing a reply, asks "that this Court review the reasonableness of any additional time counsel's office spends in response and reduce any unreasonable time entry." (Dkt. No. 20, at 8). As the reply is not duplicative of Plaintiff's initial brief and directly addresses the arguments the Commissioner raised in his response, the Court finds the requested 4.1 hours reasonable. *See Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014) (finding "that the Plaintiff's request for 4.3 hours spent in connection with his EAJA reply brief is reasonable"); *but cf. Rosario v. Comm' of Soc. Sec.*, No. 21-cv-03811, 2022 WL 17669939, at *2 n.3, 2022 U.S. Dist. LEXIS 225501, at *4 n.3 (S.D.N.Y. Dec. 14, 2022) (McCarthy, M.J.) (noting that because "arguments raised on reply and the authority raised therein appear to be substantively similar and, in some cases identical to, the arguments and authority raised" in "other EAJA briefing . . . 3.7 hours seems unreasonable and

12

duplicative"). Accordingly, the Court grants Plaintiff's request for an additional 4.1 hours of attorney time.

### C.     Final Calculation

Accordingly, EAJA fees and hours (minus the reductions discussed above) are awarded as follows:

| 2024 Rate | $249.08 | 2023 Attorney Hours (including Reply) | 61.2 + 4.3 = 65.5 | $16,314.74 |
|---|---|---|---|---|
| Paralegal Rate | $100.00 | Paralegal Hours | 8.6 – 4 = 4.6 | $460 |
| **Total EAJA Fees** | | | | **$16,774.74** |

### D.     Payment

Plaintiff signed a waiver of direct payment of EAJA fees and an assignment specifying payment of fees directly to her attorney. (Dkt. No. 18-2, at 2). Plaintiff requests that in the event "Plaintiff has no debt registered with the Department of the Treasury subject to offset [under the Treasury Offset Program, 31 U.S.C. § 3715]," that the government pay the award directly to her attorney. (Dkt. No. 18). The Commissioner does not contest the direct payment of fees to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (recognizing direct payment to counsel when the prevailing party "does not owe a debt to the government and assigns the right to receive the fees to the attorney").

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for attorney's fees, (Dkt. No. 18), is **GRANTED** in part and denied in part; and it is further

**ORDERED** that the Court awards $16,774.74 in attorney's fees and paralegal fees, payable to Plaintiff's counsel.

**IT IS SO ORDERED.**

Dated: <u>July 31, 2025</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

14